IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

S<small>AMUEL</small> L. T<small>AYLOR</small>,

        Plaintiff,

vs.                              Case No. 12-2216-JTM

G<small>ENERAL</small> M<small>OTORS</small> C<small>ORPORATION</small>,

        Defendant.

MEMORANDUM AND ORDER

The following matter comes to the court on General Motors Corporation's Motion to Dismiss for Failure to State a Claim (Dkt. No. 13). General Motors moves to dismiss Mr. Taylor's Complaint because he failed to file his Complaint within 90 days after the EEOC issued its right-to-sue notice. Under 42 U.S.C. § 2000e-5(f)(1), any Title VII lawsuit premised on an EEOC charge must be filed within 90 days of receipt of the EEOC right-to-sue notice. Mr. Taylor did not do so. Accordingly, the court grants the Motion and dismisses the Complaint.

Samuel L. Taylor filed this lawsuit against General Motors alleging that he was subjected to race discrimination in violation of Title VII of the Civil Rights Act of 1964. Mr. Taylor filed a Charge of Discrimination with the EEOC against General Motors in October 2011 alleging race discrimination. The EEOC issued a right-to-sue letter to Mr. Taylor on November 28, 2011. He did not file the current lawsuit until April 16, 2012. General Motors moves to dismiss under 12(b)(6).

Because plaintiff is proceeding pro se, this court construes his arguments liberally. *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). But Mr. Taylor's pro-se status does not relieve him of the duty to comply with the procedural rules. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Under Title VII, a plaintiff must file a civil action within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). This 90-day deadline is a condition precedent to filing a civil action and operates much like a statute of limitations. Here, Mr. Taylor did not bring his federal suit within 90 days of receiving the EEOC right-to-sue notice. The Tenth Circuit presumes that a plaintiff received the notice within three to five days of the mailing date. *Dale v. Hawker Beechcraft Corp.*, No. 11-1036, 2012 WL 1474831, at *2 (D. Kan. Apr. 27, 2012) (citing *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2005)). Therefore, his claims are time barred and subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See Griffin v. Lowe's Home Cntrs., Inc.*, No. 08-2543, 2009 WL 975159, at *2 (D. Kan. Apr. 9, 2009) (citing *Barrett v. Rumsfeld*, 158 F. App'x 89, 91 (10th Cir. 2005)).

Mr. Taylor responded to the Motion in his "Rebuttal Affidavit" and attached a separate right-to-sue notice issued on May 16, 2012. This notice appears to relate to an EEOC Charge No. 563-2012-01010. This Charge is separate from the Charge forming the basis of this Complaint. Thus, it has no bearing on his ability to bring the present lawsuit.

IT IS ACCORDINGLY ORDERED this 24th day of August 2012, that General Motors Corporation's Motion to Dismiss for Failure to State a Claim (Dkt. No. 13) is granted.

IT IS FURTHER ORDERED that Mr. Taylor's Complaint is dismissed.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE